UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SKYLAR RHOADES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAYS INN BY WYNDHAM, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:21-CV-01990<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendants Days Inn by Wyndham, Dave Patel, and James Robertson (collectively, "Defendants") on February 22, 2022. (Doc. 15). Plaintiff Skylar Rhoades ("Rhoades") initiated this civil rights action by filing a complaint on November 22, 2021, and an amended complaint on February 2, 2022. (Doc. 1; Doc. 13). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 18). For the following reasons, Defendants' motion to dismiss will be granted.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On November 22, 2021, Rhoades initiated this action with the filing of a complaint against Defendants. (Doc. 1). On December 17, 2021, Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 4). In response, Rhoades filed an amended complaint on February 2, 2022, against Defendants and Shiv Patel, LLC, asserting claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, and Section 953 of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 953.[1] (Doc.

---

[1] Defendants state: "The parties have stipulated by exchange of e-mails that the references to 'Shiv Patel, LLC' in the First Amended Complaint at Paragraphs 6 and 7 were

13). In the amended complaint, Rhoades seeks and award of damages to remedy injuries he allegedly suffered as a result of unlawful racial discrimination by Defendants. (Doc. 13, ¶ 1). On February 7, 2022, the Court denied Defendants' first motion to dismiss as moot in light of Rhoades filing an amended complaint. (Doc. 14). On February 22, 2022, Defendants filed the instant motion to dismiss. (Doc. 15).

The events giving rise to this action occurred while Rhoades was a patron of Defendant Days Inn by Wyndham, a hotel located in Wilks-Barre, Pennsylvania. (Doc. 13, ¶ 12). On October 20, 2020, Rhoades, an African American man, and an unidentified female guest approached the front desk in the lobby of Days Inn by Wyndham, where Defendant Robertson was working, and requested an additional room key as he had locked the original key in his room. (Doc. 13, ¶ 13-15). Robertson allegedly made discriminatory comments, including referring to Rhoades as "you people," which Rhoades avers was a reference to African American people, and told Rhoades's guest that he would be charged an additional ten dollars if they did not leave within 45 minutes. (Doc. 13, ¶ 16-19). Robertson proceeded to provide Rhoades with the requested extra key and Rhoades returned to his room. (Doc. 13, ¶ 20-21).

Later that evening, Rhoades returned to the hotel lobby where he asked Robertson to clarify the meaning of his comments, notified Robertson that the commends offended him, and asked for Robertson's name and position. (Doc. 13, ¶ 21-25). The next morning, on October 21, 2020, Rhoades spoke to Defendant Patel, the manager of Days Inn by Wyndham, to explain the situation and express his displeasure with Robertson's treatment. (Doc. 13, ¶ 27-28). Patel allegedly told Rhoades that he would not be charged for his stay and that

---

typographical errors." (Doc. 16, at 6). Therefore, "Shiv Patel, LLC" has been terminated from this action.

Robertson would be required to attend training for his behavior. (Doc. 13, ¶ 29-30). However, Rhoades avers that Robertson returned to work three days later without receiving any training. (Doc. 13, ¶ 31).

The motion to dismiss is fully briefed and ripe for disposition. (Doc. 15; Doc. 16; Doc. 17).

II.  **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal

conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347. The Third Circuit has further instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. **CLAIMS UNDER 42 U.S.C. § 1981 AGAINST ALL DEFENDANTS**

In Count I of the amended complaint, Rhoades asserts that "Defendants violated Section 1981 by intentionally discriminating against [Rhoades] in a serious tangible way with

- 4 -

respect to the terms, condition, and/or privileged afforded to patrons of the Days Inn Hotel." (Doc. 13, ¶ 39). Rhoades states that his "race and color characteristics were determinative motivating factors in Defendants' conduct," "Defendants acted with the intent to discriminate," and "Defendants acted with malice or reckless indifference to [Rhoades]'s federally protected rights." (Doc. 13, ¶ 40-42). In the motion to dismiss, Defendants argue that Rhoades does not allege that he was impaired in making or enforcement of a contract, that Rhoades has not plead facts linking Defendants' alleged conduct to Rhoades's race, and that Rhoades makes conclusory allegations that are insufficient to withstand a motion to dismiss. (Doc. 16, at 5-7).

Section 1981, which prohibits racial discrimination in the making and enforcement of contracts, provides:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

To state and sustain a claim under Section 1981, the plaintiffs must allege and prove (1) that the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendants, and (3) discrimination concerning one or more of the activities

enumerated in the statute, which includes the right to make and enforce contracts. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). A plaintiff must show that a defendant intentionally discriminated against him or her "because of race" in a contractual relationship. *Katchur v. Thomas Jefferson Univ.*, 354 F.Supp.3d 655, 668 (E.D. Pa. 2019). A plaintiff must show that he or she "was deprived of a protected right and then establish causation." *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009, 1018 (2020). As to the third element, "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "[A] § 1981 claim for interference with the right to make and enforce a contract must involve the actual loss of a contract interest." *Paschal v. Billy Beru, Inc.*, No. 08-CV-1144, 2009 WL 1099182, at *4 (W.D. Pa. Apr. 23, 2009), *aff'd*, 373 F. App'x 213 (3d Cir. 2010) (quoting *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1104 (10th Cir. 2001)).

Seeking dismissal, Defendants argue that Rhoades does not allege facts that suggest the loss of a contractual interest because "there is no pleading that [Rhoades] was even deterred from staying at the hotel." (Doc. 16, at 7). Specifically, Defendants argue that "accommodations were provided to [Rhoades] by Defendants at no charge and Defendants Robertson gave him the requested room key." (Doc. 16, at 6). In response, Rhoades argues that interference with his contractual rights occurred when Defendants profiled him, refused to give him a new room key, and only gave him the key after making racial remarks. (Doc. 17, at 7-8).

The Court finds that the amended complaint does not establish facts that suggest the loss of a contractual interest. *See Domino's Pizza*, 546 U.S. at 476. Although Rhoades alleges

that the contractual relationship with Defendants was violated when Robertson made discriminatory remarks, Rhoades does not allege that he had rights under the existing contractual relationship with Defendants that he was unable to enforce. *See Lloyd v. Hilton Garden Inn*, No. 20-CV-4070, 2021 WL 2206291, at *6 (E.D. Pa. June 1, 2021) (Caucasian plaintiff's § 1981 claim failed because plaintiff has no right to have African-American hotel neighbors moved to a different hotel room). Further, Rhoades does not allege facts to suggest that Defendants deterred him from staying at the hotel or prevented Rhoades from completing his stay there. Indeed, Rhoades received the new key he requested, completed his stay at the hotel, and was never charged for his stay. (Doc. 13, ¶ 20, 29).

      Notably, Rhoades's case is distinguishable from cases in which plaintiffs were permitted to pursue their § 1981 claims against restaurants that had failed to provide them with non-food benefits of the contractual relationship. *See, e.g., Eddy v. Waffle House, Inc.*, 482 F.3d 674, 678 (4th Cir. 2007), *vacated and remanded on other grounds*, 128 S. Ct. 2957 (2008) (restaurant employee's use of racial epithets created an abusive environment that interfered with plaintiff's contractual rights); *Perry v. Burger King Corp.*, 924 F. Supp. 548, 551-52 (S.D.N.Y. 1996) (African-American plaintiff stated a cause of action under § 1981 where he was provided with the food he purchased, but not permitted to use the bathroom, a benefit that was available to the restaurant's white patrons). Rhoades has failed to plead facts that would indicate that he was required to enter the contractual relationship with Defendants on discriminatory terms, that the terms of his transaction were fundamentally altered based on his race, or that he was deprived of *any* benefit of an actual contractual interest. *See Billy Beru,* 2009 WL 1099182, at *4-5 (granting motion to dismiss where "Plaintiff was permitted to carry out his contract with [restaurant] under the same terms and conditions as white customers.").

Therefore, Count I of the amended complaint fails to establish a *prima facie* cause of action pursuant to Section 1981 against Defendants.[2] (Doc. 13, ¶ 36-43).

Accordingly, Count I of the amended complaint is dismissed.

B.  CLAIMS UNDER 43 P.S. § 953 AGAINST DEFENDANT DAYS INN BY WYNDHAM

In Count II of the amended complaint, Rhoades asserts that Defendant Days Inn by Wyndham violated Section 953 of the PHRA, which prohibits discrimination of a person obtaining any public accommodation. (Doc. 13, ¶ 47). As Defendants correctly state, the PHRA is generally analyzed under the same framework as its federal counterparts. *See Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 409 (3d Cir. 1999); (Doc. 16, at 16). Therefore, regarding Rhoades's PHRA claim, the Court will grant Defendants' motion to dismiss for the reasons set forth in the analysis of Rhoades's federal claims.

C.  LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.' " *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Rhoades will be granted leave to file a second amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson*, 293 F.3d at 108.

---

[2] Defendants argue that Rhoades's claim for punitive damages must be dismissed because Rhoades makes only conclusory allegations and pleads no facts to support his claim. (Doc. 16, at 15). Because Count I of the amended complaint is dismissed for failure to establish a *prima facie* Section 1981 claim, the Court declines the address whether Rhoades's claim for punitive damages under Count I should also be dismissed.

Rhoades is advised that the second amended complaint must be a pleading that stands by itself without reference to either the original complaint or amended complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). If the Court does not receive a second amended complaint from Rhoades on or before **Wednesday, August 17th, 2022**, this action may be dismissed.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (Doc. 15) is **GRANTED**. An appropriate Order follows.

**Dated: August 3, 2022**                     *s/Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **Chief United States Magistrate Judge**