## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SKYLAR RHOADES,

                Plaintiff,

    v.

DAYS INN BY WYNDHAM, et al.,

                Defendants.

CIVIL ACTION NO. 3:21-CV-01990

(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court is a motion to dismiss filed by Defendants Days Inn by Wyndham, Dave Patel, and James Robertson (collectively, "Defendants") on August 30, 2022. (Doc. 22). Plaintiff Skylar Rhoades ("Rhoades") initiated this civil rights action by filing a complaint on November 22, 2021, and a second amended complaint on August 9, 2022. (Doc. 1; Doc. 21). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 18). For the following reasons, Defendants' motion to dismiss will be granted.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On November 22, 2021, Rhoades initiated this action with the filing of a complaint against Defendants pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a). (Doc. 1). On December 17, 2021, Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 4). In response, Rhoades filed an amended complaint on February 2, 2022, in which he voluntarily dismissed his claim under Title II of the Civil Rights Act of 1964 and his claims against Days Inn by Wyndham, and added a claim under the Pennsylvania Human Rights Act ("PHRA"), 43 P.S. § 953. (Doc. 13). On February 22, 2022, Defendants filed a motion to dismiss both counts of the amended complaint because it failed to state a plausible

claim against Defendants under either statute. (Doc. 15). On August 3, 2022, the Court granted Defendants' motion to dismiss and granted Rhoades leave amend. (Doc. 19; Doc. 20).

On August 19, 2022, Rhoades filed a second amended complaint, which restates his previously withdrawn claims against Days Inn by Wyndham and his claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a). (Doc. 21, ¶ 1). In addition, Rhoades renewed his claims against Defendants Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, and Section 953 of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 953. (Doc. 21, ¶ 1). As relief, Rhoades seeks an award of monetary damages, including compensatory and punitive damages, and attorneys' fees to remedy injuries he allegedly suffered as a result of unlawful racial discrimination by Defendants. (Doc. 21, at 10). On August 30, 2022, Defendants filed the instant motion to dismiss. (Doc. 22).

The events giving rise to this action occurred while Rhoades was a patron of Defendant Days Inn by Wyndham, a hotel located in Wilks-Barre, Pennsylvania. (Doc. 21, ¶ 12). On October 20, 2020, Rhoades, an African American man, and an unidentified female guest approached the front desk in the lobby of Days Inn by Wyndham, where Defendant Robertson was working, and requested an additional room key as he had locked the original key in his room. (Doc. 21, ¶¶ 13-15). Robertson allegedly made discriminatory comments, including referring to Rhoades as "you people," which Rhoades avers was a reference to African American people, and told Rhoades's guest that he would be charged an additional ten dollars if they did not leave within 45 minutes. (Doc. 21, ¶¶ 16-20). Robertson proceeded to provide Rhoades with the requested extra key and Rhoades returned to his room. (Doc. 21, ¶ 22).

Later that evening, Rhoades returned to the hotel lobby where he asked Robertson to clarify the meaning of his comments, notified Robertson that the commends offended him, and asked for Robertson's name and position. (Doc. 21, ¶¶ 28-33). The next morning, on October 21, 2020, Rhoades spoke to Defendant Patel, the manager of Days Inn by Wyndham, to explain the situation and express his displeasure with Robertson's treatment. (Doc. 21, ¶¶ 35-38). Patel allegedly told Rhoades that he would not be charged for his stay and that Robertson would be required to attend training for his behavior. (Doc. 21, ¶ 39). However, Rhoades avers that Robertson returned to work three days later without receiving any training. (Doc. 21, ¶ 41).

The motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 23; Doc. 24; Doc. 25).

II.   **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347. The Third Circuit has further instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit

a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

Defendants move to dismiss the complaint: (1) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) as to all Defendants; (2) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) as to Days Inn by Wyndham; and (3) for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) as to Days Inn by Wyndham. (Doc. 22, at 1; Doc. 23, at 9; Doc. 25, at 10-16)

A. **CLAIMS UNDER 42 U.S.C. § 1981 AGAINST ALL DEFENDANTS**

In Count I of the second amended complaint, Rhoades asserts that "Defendants violated Section 1981 by intentionally discriminating against [Rhoades] in a serious tangible way with respect to the terms, condition, and/or privileged afforded to patrons of the Days Inn Hotel." (Doc. 21, ¶ 52). Rhoades states that his "race was a determinative or motivating factor in Defendants' conduct," "Defendants acted with the intent to discriminate," and "Defendants acted with malice or reckless indifference to [Rhoades]'s federally protected rights . . . ." (Doc. 21, ¶¶ 53, 56, 58). In the motion to dismiss, Defendants argue that Rhoades does not plead any facts alleging the loss of a contract interest with regard to Section 1981. (Doc. 23, at 11).

Section 1981, which prohibits racial discrimination in the making and enforcement of contracts, provides:

(a) Statement of equal rights

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

To state and sustain a claim under Section 1981, the plaintiffs must allege and prove (1) that the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendants, and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). A plaintiff must show that a defendant intentionally discriminated against him or her "because of race" in a contractual relationship. *Katchur v. Thomas Jefferson Univ.*, 354 F.Supp.3d 655, 668 (E.D. Pa. 2019). A plaintiff must show that he or she "was deprived of a protected right and then establish causation." *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009, 1018 (2020). As to the third element, "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "[A] § 1981 claim for interference with the right to make and enforce a contract must involve the actual loss of a contract interest." *Paschal v. Billy Beru, Inc.*, No. 08-CV-1144, 2009 WL

1099182, at *4 (W.D. Pa. Apr. 23, 2009), *aff'd*, 373 F. App'x 213 (3d Cir. 2010) (quoting *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1104 (10th Cir. 2001)).

At the onset, the parties do not contest whether Rhoades is a member of a racial minority as an African-American man. (Doc. 21, ¶ 2). Seeking dismissal, Defendants argue that Rhoades does not allege facts that suggest an intent to discriminate on the basis of race or the loss of a contractual interest and that Rhoades alleged no additional material facts from his previously dismissed claims in the amended complaint. (Doc. 23, at 11; Doc. 25, at 10-16). In response, Rhoades argues that he "has made allegations, when taken as a whole, sufficiently allege and prove, at this stage of the litigation, that there was an intent to discriminate based upon race." (Doc. 24, at 9-10).

Upon consideration of the second amended complaint, the Court finds that Rhoades avers no facts to establish that Defendant Patel acted with a discriminatory intent to deprive him of rights enumerated in Section 1981. Rather, Rhoades concedes that he received the requested new room key and did not have to pay for his stay at Days Inn by Wyndham. (Doc. 21, ¶ 22, 39). As the Court previously concluded, Rhoades has not established facts that suggest the loss of a contractual interest. (Doc. 19, at 6-7); *see Domino's Pizza*, 546 U.S. at 476. The second amended complaint does not set forth additional facts that may change the Court's conclusion. Although Rhoades alleges that the contractual relationship with Defendants was violated when Robertson made discriminatory remarks, Rhoades does not allege that he had rights under the existing contractual relationship with Defendants that he was unable to enforce. *See Lloyd v. Hilton Garden Inn*, No. 20-CV-4070, 2021 WL 2206291, at *6 (E.D. Pa. June 1, 2021) (Caucasian plaintiff's § 1981 claim failed because plaintiff has no right to have African-American hotel neighbors moved to a different hotel room). Furthermore, Rhoades has not alleged facts to suggest that Defendants deterred him from

staying at the hotel or prevented Rhoades from completing his stay there. Indeed, as previously noted, Rhoades received the new key he requested, completed his stay at the hotel, and was never charged for his stay. (Doc. 21, ¶ 22, 39). Rhoades' reference to discrimination is simply a legal conclusion entitled to no assumption of truth. *See Iqbal*, 556 U.S. at 681.

Rhoades's case is distinguishable from cases in which plaintiffs were permitted to pursue their § 1981 claims against restaurants that had failed to provide them with non-food benefits of the contractual relationship. *See, e.g., Eddy v. Waffle House, Inc.*, 482 F.3d 674, 678 (4th Cir. 2007), *vacated and remanded on other grounds*, 128 S. Ct. 2957 (2008) (restaurant employee's use of racial epithets created an abusive environment that interfered with plaintiff's contractual rights); *Perry v. Burger King Corp.*, 924 F. Supp. 548, 551-52 (S.D.N.Y. 1996) (African-American plaintiff stated a cause of action under § 1981 where he was provided with the food he purchased, but was not permitted to use the bathroom, a benefit that was available to the restaurant's white patrons). Rhoades does not plead facts that would indicate that he was required to enter the contractual relationship with Defendants on discriminatory terms, that the terms of his transaction were fundamentally altered based on his race, or that he was deprived of *any* benefit of an actual contractual interest. *See Billy Beru*, 2009 WL 1099182, at *4-5 (granting motion to dismiss where "Plaintiff was permitted to carry out his contract with [restaurant] under the same terms and conditions as white customers."). Therefore, Count I of the second amended complaint fails to allege a *prima facie* cause of action pursuant to Section 1981 against Defendants. (Doc. 21, ¶¶ 45-61).

Accordingly, Count I of the second amended complaint is dismissed.

B. CLAIMS UNDER 42 U.S.C. § 2000A AGAINST ALL DEFENDANTS

In Count II of the second amended complaint, Rhoades claims "Defendants violated § 2000(a) by discriminating against [Rhoades] with regard to his full and equal enjoyment of

the goods and services offered by Defendant." (Doc. 21, ¶ 65). Rhoades contends his "race and color characteristics were determinative or motivating factors in Defendants' conduct," "Defendants acted with the intent to discriminate," and "Defendants acted with malice or reckless indifference to [Rhoades'] federally protected rights." (Doc. 21, ¶¶ 66-68). Defendants move to dismiss Count II because "[a] plaintiff cannot recover damages under the public accommodations part of the act (Title II), and damages are the only relief sought by [Rhoades] here." (Doc. 23, at 12).

Section 2000a prohibits discrimination in places of public accommodation "on the ground of race." 42 U.S.C. § 2000a. *Argentina v. Gillette*, No. 17-CV-2908, 2018 WL 623680, at *3 (E.D. Pa. Jan. 30, 2018). The remedy under Title II is limited to a civil action for preventive relief, such as injunction. *See Three Rivers Center for Independent Living v. Housing Authority of City*, 382 F.3d 412, 420 (3d Cir. 2004); *Livingstone v. Hugo Boss Store, Atl. City, NJ*, No. CV2101971RBKAMD, 2021 WL 3910149, at *5 (D.N.J. Sept. 1, 2021), *appeal dismissed sub nom. Livingstone v. Hugo Boss Store Atl. City*, No. 21-2757, 2022 WL 845249 (3d Cir. Mar. 2, 2022). A plaintiff cannot recover money damages, outside of attorneys' fees, under Title II. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968).

Like his section 1981 claim above, Rhoades's section 2000a public accommodation claim is based on Defendants' allegedly discriminatory statements made against him for being an African-American man. (Doc. 21, ¶ 65). Furthermore, Rhoades's allegations, after separating out the legal conclusions and labels of "discrimination," do not allege any discrimination "on the ground of" his race. *See Lloyd,* 2021 WL 2206291, at *6. In addition, Defendants correctly assert that the remedy under Title II is limited to a civil action for preventative relief, such as injunction. (Doc. 23, at 21; Doc. 25, at 16); *Three Rivers Center for Independent Living*, 382 F.3d at 420. Accordingly, Count II of the second amended complaint

will be dismissed for failure to establish a *prima facie* cause of action pursuant to Section 2000a against Defendants. (Doc. 21, ¶¶ 62-69).

C. CLAIMS UNDER 43 P.S. § 953 AGAINST ALL DEFENDANTS

In Count III of the second amended complaint, Rhoades asserts that Defendants violated Section 953 of the PHRA, which prohibits discrimination of a person obtaining any public accommodation. (Doc. 21, ¶¶ 70-84). Specifically, Rhoades avers "Defendant, in their capacity as business offering public accommodations, intentionally discriminated against [Rhoades] in that he was prevented from enjoying the same rights, benefits, and privileges as non-African American patrons." (Doc. 21, ¶ 76). In addition, Rhoades claims "Robertson's impositions of a guest time limit along with his comments regarding 'you people,' indicate a discriminatory animus towards [Rhoades] that was used to deprive his enjoyment of the same terms, conditions, benefits, and privileges afforded to non-African American patrons." (Doc. 21, ¶ 82). Rhoades contends "Defendants Days Inn is vicariously liable for the unlawful actions of Robertson against [Rhoades] in the course and scope of Robertson's employment with Days Inn." (Doc. 21, ¶ 83). Defendants move to dismiss Count III for the same reasons Count I should be dismissed, as Section 1981 and the PHRA are analyzed under the same standards. (Doc. 23, at 12). The parties agree that the PHRA is generally analyzed under the same framework as its federal counterparts. *See Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 409 (3d Cir. 1999). Therefore, as the Court finds that the second amended complaint fails to state a claim upon which relief may be granted, the Court will grant Defendants' motion to dismiss for the reasons set forth in the analysis of Rhoades's federal claims. (doc. 23, at 12; Doc. 24, at 11; Doc. 25, at 17); *see supra*. Accordingly, Count III of the second amended complaint will be dismissed.

D.  CLAIMS AGAINST DAYS INN BY WYNDHAM

Defendants move to dismiss all claims against Defendant Days Inn by Wyndham for lack of personal jurisdiction and insufficient service of process. (Doc. 23, at 22). In response, Rhoades agrees that the counts against Days Inn by Wyndham should be dismiss. Accordingly, all claims against Days Inn by Wyndham will be dismissed and Days Inn by Wyndham will be terminated from this action.

E.  PUNITIVE DAMAGES

Finally, Defendants argue that Rhoades's claim for punitive damages must be dismissed because Rhoades makes only conclusory allegations and pleads no facts to support his punitive damages claim. (Doc. 23, at 23; Doc. 25, at 18). First, to the extent Rhoades seeks punitive damages under the PHRA, the Court finds that such relief is not available. *See Suero v. Motorworld Auto. Grp., Inc.*, No. 3:16-CV-00686, 2017 WL 413005, at *9 (M.D. Pa. Jan. 31, 2017) (citing *Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998)). Second, Defendants contend that Rhoades' request for punitive damages should be dismissed because he has made no factual allegations supporting any theory that Defendants acted with malice or indifference to his federally protected rights to support a punitive damages claim. (Doc. 23, at 23; Doc. 25, at 18). In opposition, Rhoades argues that the request for punitive damages is properly pled and should not be dismissed at this stage. (Doc. 24, at 12-13). A plaintiff may seek punitive damages from individual defendants for claims arising under 42 U.S.C. § 1981. *See Sec. & Data Techs., Inc. v. Sch. Dist. of Phila.*, 145 F. Supp. 3d 454, 469 (E.D. Pa. 2015) (citing *Bennis v. Gable*, 823 F.2d 723, 734 (3d Cir. 1987)); *Sharif v. MIQ Logistics, Inc.*, No. 3-cv-13-2983, 2014 WL 1653191, at *3 (M.D. Pa. Apr. 23, 2014). Because the Court will dismiss Count I of the amended complaint for failure to establish a prima facie Section 1981 claim, the Court

- 11 -

declines the address whether Rhoades's claim for punitive damages under Count I should also be dismissed.

### F. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.' " *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Rhoades will be granted a final opportunity to amend his claims in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson*, 293 F.3d at 108. Rhoades is advised that the third amended complaint must be a pleading that stands by itself without reference to either the original complaint or amended complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). If the Court does not receive a third amended complaint from Rhoades within 28 days of the date of this Order, on or before **Monday, August 14, 2023**, this action may be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 22) is **GRANTED**.

An appropriate Order follows.

Dated: July 17, 2023

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**