UNITED STATES DISTRICT COU
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SKYLAR RHOADES,<br><br>           Plaintiff,<br><br>    v.<br><br>DAYS INN BY WYNDHAM, et al.,<br><br>           Defendants. | CIVIL ACTION NO. 3:21-CV-01990<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a civil rights action that was initiated by Plaintiff Skylar Rhoades ("Rhoades") with the filing of a complaint on November 22, 2021, and a second amended complaint on August 9, 2022. (Doc. 1; Doc. 21). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 18). For the following reasons, Rhoades's action shall be **DISMISSED**. (Doc. 1).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On November 22, 2021, Rhoades initiated this action by filing a complaint against Defendants Dave Patel, James Robertson, and Days Inn by Wyndham (collectively, "Defendants") pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a). (Doc. 1). The events giving rise to this action, as taken from Rhoades's second amended complaint, occurred while Rhoades was a patron of Defendant Days Inn by Wyndham, a hotel located in Wilks-Barre, Pennsylvania. (Doc. 21, ¶ 12). On October 20, 2020, Rhoades, an African American man, and an unidentified female guest approached the front desk in the lobby of Days Inn by Wyndham, where

Defendant Robertson was working, and requested an additional room key as he had locked the original key in his room. (Doc. 21, ¶¶ 13-15). Robertson allegedly made discriminatory comments, including referring to Rhoades as "you people," which Rhoades avers was a reference to African American people, and told Rhoades's guest that he would be charged an additional ten dollars if they did not leave within 45 minutes. (Doc. 21, ¶¶ 16-20). Robertson proceeded to provide Rhoades with the requested extra key and Rhoades returned to his room. (Doc. 21, ¶ 22).

Later that evening, Rhoades returned to the hotel lobby where he asked Robertson to clarify the meaning of his comments, notified Robertson that the comments offended him, and asked for Robertson's name and position. (Doc. 21, ¶¶ 28-33). The next morning, on October 21, 2020, Rhoades spoke to Defendant Patel, the manager of Days Inn by Wyndham, to explain the situation and express his displeasure with Robertson's treatment. (Doc. 21, ¶¶ 35-38). Patel allegedly told Rhoades that he would not be charged for his stay and that Robertson would be required to attend training for his behavior. (Doc. 21, ¶ 39). However, Rhoades avers that Robertson returned to work three days later without receiving any training. (Doc. 21, ¶ 41).

Rhoades's complaints pertaining to the aforementioned incidents have all been dismissed by this Court. (Doc. 1; Doc. 13; Doc. 20; Doc. 21; Doc. 29). On July 17, 2023, in an order dismissing Rhoades's second amended complaint, the Court granted him a final opportunity to amend his complaint to cure the deficiencies indicated in the Court's accompanying memorandum. (Doc. 28; Doc. 29). Rhoades was granted 28 days leave to file an amended complaint. (Doc. 29). Rhoades did not file an amended complaint within the 28 days permitted by the Court. On September 20, 2023, the Court issued a show cause order

directing Rhoades to show cause as to why he did not file an amended complaint and to file an amended complaint within 21 days. (Doc. 30). The Court cautioned Rhoades that unless good cause was shown, his action may be dismissed. (Doc. 30). The time for demonstrating good cause and filing an amended complaint has now passed. (Doc. 30). Accordingly, this action will be **DISMISSED**.

## II. DISCUSSION

Rhoades has failed to timely file an amended complaint in accordance with the Court's July 17, 2023, order granting Rhoades leave to amend his complaint and the Court's September 20, 2023, show cause order. (Doc. 30). Rhoades's failure to comply with the Court's Orders "makes adjudication of the case impossible." *See Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007); *see also Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a plaintiff's complaint with prejudice for failure to amend his complaint); *Figueroa v. U.S.*, No. 1:13-cv-230, 2013 WL 4813369, at *2, *7 (M.D. Pa. Sept. 9, 2013) (dismissing a *pro se* plaintiff's complaint for failure to maintain an address with the court).

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors"

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

B. POULIS FACTOR ANALYSIS

### 1. Plaintiff's Personal Responsibility

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are attributable both to Rhoades and his attorney. The initial deadline to file an amended complaint was missed by Rhoads's attorney. (Doc. 29). However, on November 2, 2023, Rhoades's attorney withdrew his appearance as counsel on behalf of Rhoades. (Doc. 27). Accordingly, since November 2, 2023, Rhoades has been a *pro se* litigant. (Doc. 27). Because Rhoades is now a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). Rhoades has failed to abide by court orders and neglected to litigate this case. Specifically, Rhoades failed to file an amended complaint or respond to the Court's show cause order despite being directed to do so by the Court. (Doc. 29; Doc. 30). As of the date of this Memorandum, Rhoades has failed to comply with the Court's directives. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### 2. Prejudice to the Moving Party

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218,

222 (3d Cir. 2003). Here, the Court finds that Rhoades's failure to file an amended complaint has delayed Defendants' efforts to obtain a timely resolution of this action and inhibited its ability to present a valid defense for this case. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875.

Here, since the withdrawal of his counsel, Rhoades has had no communication with the Court. Rhoades's failure to file an amended complaint in accordance with the Court's September 20, 2023, order to show cause, even after he was cautioned that his case may be dismissed should he not comply, indicates his intent not to continue with this litigation. *See Pozoic v. Cumberland Cty. Prison*, No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); *Bush v. Lackawanna Cty. Prison*, No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017); *see also Johnson*, 2018 WL 1783169, at *2. Accordingly, Rhoades's inaction in pursuing this case *pro se* weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth *Poulis* factor requires the Court to consider whether Rhoades's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, Rhoades's failure to abide by multiple orders of the Court "demonstrate[s] a willful disregard for procedural rules and court directives." *Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth *Poulis* factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Rhoades], is proceeding *pro se*." *See Lopez,* 435 F. App' x at 116; *Emerson,* 296 F.3d at 191 (per curium); *Nowland v. Lucas,* No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Rhoades's new status as a *pro se* litigant prevents this Court from sanctioning him or utilizing lesser alternative sanctions. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor enjoins the Court to consider the meritoriousness of Rhoades's claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the

pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70).

Rhoades has previously filed three complaints in this case, two of which have been dismissed by this Court. (Doc. 1; Doc. 13; Doc. 19; Doc. 20; Doc. 21; Doc. 28; Doc. 29). In dismissing Rhoades's complaints, the District Court found that none of his claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Rhoades. (Doc. 19; Doc. 28). Furthermore, Rhoades has now failed to put forth a final, amended complaint that potentially states a meritorious claim. Accordingly, the sixth Poulis factor also weighs in favor of dismissal. *See Pagano v. Ventures Tr. 2013-I-HR*, No. 3:15-CV-01489, 2016 WL 8201975 (M.D. Pa. Dec. 29, 2016), *report and recommendation adopted*, No. 3:15-CV-01489, 2017 WL 489414 (M.D. Pa. Feb. 6, 2017).

### 7. Balancing the *Poulis* factors

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek,* 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that Rhoades has made no effort to prosecute his case as evidenced by his failure to file an amended complaint, Rhoades's complaint shall be dismissed for failure to prosecute. *See Johnson,* 2018 WL 1783169, at *3.

III. CONCLUSION

Based on the foregoing, Rhoades's complaint is **DISMISSED** for failure to prosecute. (Doc. 1). The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

Dated: January 26, 2024            *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **Chief United States Magistrate Judge**